**THOMPSON LAW, LLC**
Colin M. Thompson, Esq.
2nd Floor, J.E. Tenorio Bldg.
PMB 917 Box 10001
Saipan, MP 96950
Telephone No.: (670) 233-0777
Facsimile No.: (670) 233-0776
cmtlaw@live.com

*Attorney for Plaintiff*

FILED
Clerk
District Court

NOV - 3 2016

for the Northern Mariana Islands
By_____
(Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| NICOLAS GUY POHL,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EXXON MOBIL CORPORATION,<br>MOBIL OIL MARIANA ISLANDS, INC.,<br>and DOES I – V,<br><br>　　　　Defendants. | CIVIL CASE NO. - CV 16-0028<br><br>**COMPLAINT OF DISCRIMINATION UNDER TITLE VII AND JURY DEMAND** |

**COMES NOW**, the Plaintiff, Nicolas Guy Pohl ("**Mr. Pohl**"), by and through counsel to make the following allegations against Exxon Mobil Corporation, Mobil Oil Mariana Islands, Inc. and Does I - V ("**Mobil**" or "**Defendants**"):

### NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 as amended. Mr. Pohl alleges that Mobil discriminated against him on the basis of race and national origin. Mr. Pohl seeks damages for the violation of his civil rights.

## JURISDICTION AND VENUE

1.     The United States District Court for the Northern Mariana Islands is the proper venue for this action pursuant to 28 U.S.C. §§ 1331, and (b)(2), because this is the District in which a substantial part of the events or omissions giving rise to the claims occurred.

2.     This action is authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, as amended.

3.     All conditions precedent to the institution of this lawsuit have been fulfilled.

4.     On or about July 1, 2016, Mr. Pohl filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against the Defendants.

5.     On or about August 8, 2016, the EEOC issued a Notice of Right to Sue the Defendants based on the Charge of Discrimination to Mr. Pohl.

6.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of the Northern Mariana Islands.

## PARTIES

7.     At all times relevant hereto, Mr. Pohl resided in the CNMI and is a citizen of the United States.

8.     At all relevant times, Defendant, Exxon Mobil Corporation was a corporation organized under New Jersey Law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

9.     At all relevant times, Defendant, Mobil Oil Mariana Islands, Inc. was a corporation organized under CNMI law doing business in the CNMI and in the jurisdiction of the United States District Court of the Northern Mariana Islands.

10. At all times relevant hereto, Defendants were employers within the meaning of Title VII.

11. At all relevant times, Defendants continuously employed fifteen (15) or more persons.

12. At all relevant times, Defendants continuously engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e.

13. Mr. Pohl is ignorant of the true names and capacities of Defendants sued as Does I through V, inclusive. Therefore, Mr. Pohl sues said Defendants by such fictitious names. Mr. Pohl reserves the right to amend the complaint to name the Doe Defendants as they become known. Mr. Pohl alleges that each of the Defendants named as Doe Defendants was in some manner responsible for the acts and omissions alleged herein and Mr. Pohl will amend the complaint to allege such responsibility when Mr. Pohl has ascertained the identity of the Doe Defendants.

14. It is further alleged on information and belief that the named and unnamed Defendants in this complaint are alter egos, joint employers, and/or integrated enterprises of each other.

15. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as successor, agent, employee, or under the direction and control of the others, except as otherwise specifically alleged. The alleged acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the other Defendants' unlawful acts and omissions alleged in this complaint. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also

be deemed to mean the acts and failures to act of each Defendant acting individually, jointly and/or severally.

## STATEMENT OF CLAIMS

## DISCRIMINATION BASED ON RACE AND NATIONAL ORIGIN

16. The allegations contained in Paragraphs 1 through 15 are hereby incorporated by reference .

17. Since at least August 2010, Defendants engaged in unlawful employment practices and in a pattern of such practices in violation of Title VII, 42 U.S.C. § 2000e-2.

18. Mr. Pohl is an American Caucasian.

19. Defendants favored employees who were not Caucasian or American.

20. Defendants discriminated against Mr. Pohl by not hiring him for the position of Field Engineering Technician.

21. Defendants hired a non Caucasian non American for the job.

22. Defendants falsely certified that there was no qualified US citizen available to take the advertised position of Field Engineering Technician.

23. Mr. Pohl was a US citizen qualified for the job.

24. Defendants subjected Mr. Pohl to unwelcome discrimination based on his race and national origin.

25. The discrimination complained of affected a term condition and privilege of employment.

26. Defendants knew or should have known of the discrimination in question and failed to take prompt remedial action.

27. The effect of the practice complained of above has been to deprive Mr. Pohl of equal employment opportunities because of his race and national origin.

28. The unlawful employment practices complained of above were intentional.

29. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Mr. Pohl thereby justifying an award of punitive damages.

30. As a result of Defendants' actions, Mr. Pohl suffered damage, including but not limited to emotional distress, loss of pay, benefits and other economic losses, and other compensatory damage for all of which he should be compensated.

## DEMAND FOR JURY TRIAL

Mr. Pohl hereby demands for a jury trial with respect to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Pohl respectfully prays to this Court as follows:

A. Order Defendants to make whole Mr. Pohl by providing him appropriate back pay with prejudgment interest, and front pay in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Defendants' unlawful employment practices;

B. Order Defendants to make whole Mr. Pohl by providing him compensation for future non-pecuniary losses resulting from the unlawful practices complained as described above, including, but not limited to emotional distress damages to be determined at trial;

C. For special and compensatory damages according to proof;

5

E.  For reasonable attorneys' fees incurred and costs of suit incurred;

F.  For Punitive Damages; and

G.  For such further relief as the court may deem proper.

Submitted this <u>3rd </u>day of November, 2016.

THOMPSON LAW, LLC

By: _____
**COLIN M. THOMPSON**
Attorney for Plaintiff