Clerk
District Court

OCT 16 2017

for the Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| NICOLAS GUY POHL,<br><br>      Plaintiff,<br><br>vs.<br><br>EXXON MOBIL CORPORATION, MOBIL OIL MARIANA ISLANDS, INC., and DOES I-V,<br><br>      Defendants. | Case No.: 16-cv-00028<br><br>DECISION AND ORDER GRANTING MOTION TO STRIKE<br>AND<br>DISMISSING WITH PREJUDICE EXXON MOBIL CORPORATION |

## I.    INTRODUCTION

This is a Title VII civil rights suit in which plaintiff Nicolas Pohl alleges that defendants illegally discriminated against him by not hiring him on the basis of his race, national origin, and age. Before the Court is defendants Exxon Mobil Corporation and Mobil Oil Mariana Islands, Inc.'s motion to strike plaintiff's second first amended complaint and notice of voluntary dismissal of Exxon Mobil Corp., and request for an order dismissing Exxon Mobil with prejudice, and, alternatively, for a more definite statement. (ECF No. 27.) On August 24, 2017, the Court struck the first amended complaint from the docket and dismissed the original complaint against Exxon Mobil for lack of personal jurisdiction without prejudice. (*See* ECF Nos. 18, 24.) On September 7, 2017, Plaintiff filed the amended complaint at issue in this motion as a "first amended complaint," followed by his notice of

1

voluntary dismissal. (*See* ECF Nos. 25, 26.) Defendants refer to the latter as the "second first amended complaint."

For the reasons that follow, defendants' motion to strike the second first amended complaint and notice of voluntary dismissal is granted, and the original complaint against Exxon Mobil is dismissed with prejudice.

## II.  BACKGROUND

Plaintiff alleges that he applied and was interviewed for a position as a field engineering technician. He was not selected for the position, which he alleges was due to his race, national origin, and age in violation of Title VII of the Civil Rights Act of 1964. He named Mobil Oil Mariana Islands, Inc., John Doe Corporation I-V, and John Does I-V as defendants in the amended complaint currently before the Court. (ECF No. 25.)

Plaintiff's original complaint named Exxon Mobil, Mobil Oil Mariana Islands, Inc., and John Does I-V as defendants, and alleged that they discriminated against him on the basis of race or national origin by not hiring him. (*See* ECF No. 1.)

After the original complaint was filed, defendant Exxon Mobil moved to dismiss the complaint against it for lack of personal jurisdiction. (ECF No. 12.) In response to this motion, plaintiff filed a notice regarding his opposition and filed a first amended complaint, adding a second claim for age discrimination against all defendants. (ECF Nos. 18, 19.) Defendants moved to strike the first amended complaint on the ground that plaintiff's right to amend without leave of Court or defendants' consent had expired. (ECF Nos. 20, 21.)

During a hearing on the motions, the Court granted defendants' motion to strike the first

2

amended complaint because plaintiff concurred that he was required to obtain consent or leave of Court but had not done so. The Court also granted the motion to dismiss the original complaint as to Exxon Mobil for lack of personal jurisdiction, stating the dismissal was without prejudice for two weeks, until September 7, 2017. During these two weeks, plaintiff had leave to amend the complaint to include allegations as to personal jurisdiction over Exxon Mobil. If plaintiff did not amend to include these allegations, the dismissal would be with prejudice. (Minutes 2, ECF No. 24.) The Court also warned plaintiff that failure to comply in good faith with this order would lead to sanctions. (*Id.*)

After these motions were decided, plaintiff re-filed the first amended complaint on September 7, 2017. (ECF No. 25.) The re-filed first amended complaint did not include Exxon Mobil as a defendant, but named John Doe Corporations I-V instead. (*Id.*) In addition, all allegations under "General Facts" were amended to allege that all defendants rather than Exxon Mobil had taken the actions giving rise to the complaint. (*See* First Amended Compl. ¶¶ 15-28, ECF No. 25.) For example, instead of stating that "Exxon Mobil particularly and specifically participated in the hiring process," (Stricken First Amended Compl. ¶ 18, ECF No. 18), the complaint was amended to read, "Defendants particularly and specifically participated in the hiring process." (First Amended Compl. ¶ 17, ECF No. 25.)

Five days later, on September 12, 2017, plaintiff filed a notice of voluntary dismissal as to Exxon Mobil under Fed. R. Civ. P. 41(a)(1). (ECF No. 26.)

Defendants Exxon Mobil and Mobil Oil Mariana Islands, Inc. now seek to strike the re-filed first amended complaint and notice of dismissal, requests an order making the dismissal of Exxon Mobil be with prejudice, and, alternatively, to obtain a more definite statement. They argue that

3

plaintiff failed to add any facts that would permit the Court to exercise personal jurisdiction over Exxon Mobil, and therefore Exxon Mobil must be dismissed with prejudice pursuant to the Court's August 24, 2017 order. Further, because plaintiff added new defendants instead of amending the complaint with respect to the original defendant Exxon Mobil, defendants maintain that the first amended complaint and notice of dismissal must be stricken. Finally, defendants ask that the Court order plaintiff to file a more definite statement if the motion to strike is denied.

### III. LEGAL STANDARD

Under Rule 12(f), a court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). The purpose of the rule "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc.*, 618 F.3d at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)). "In most cases, a motion to strike should not be granted unless 'the matter to be stricken clearly could have no possible bearing on the subject of the litigation.'" *Boeing Co. v. Leo A. Daly Co.*, Case No. 13-cv-00027, 2014 WL 3489267, at *3 (D.N. Mar. I. July 11, 2014).

### IV. ANALYSIS

According to Exxon Mobil and Mobil Oil Mariana Islands, Inc., the Court should dismiss Exxon Mobil Corp. for lack of personal jurisdiction and strike the first amended complaint because it fails to comply with the Court's order. (Mot. to Dismiss, ECF No. 28.) In their view, the re-filed first amended complaint does not contain any facts that would permit the Court to exercise jurisdiction

4

over Exxon Mobil despite the Court authorizing the amendment specifically so plaintiff could add such facts. (*Id.* at 3.) Further, because plaintiff added new defendants, John Doe Corporations I-V, the first amended complaint should be stricken, because he was not given leave to add them. (*Id.* at 2–3.)

Plaintiff responds that the Rule 41(a)(1) dismissal effectively prevents the Court from considering defendants' motion, as Exxon Mobil is no longer a party. (Br. in Opp. 4–5, ECF No. 30.) Moreover, plaintiff contends, Exxon Mobil was named due to confusion over whether it was related to Mobil Oil Mariana Islands, Inc., so the unnamed corporations have been named to prevent confusion going forward. (*Id.* at 2–3, 5.) Defendants reply that plaintiff's notice of dismissal is simply a means of attempting to circumvent the Court's ruling that it lacked personal jurisdiction over Exxon Mobil. (Reply Br. 3–4.)

### a. Exxon Mobil's Motion to Strike Notice of Dismissal

Exxon Mobil seeks an order confirming that it has been dismissed with prejudice, and requests the Court to strike the Notice of Dismissal. (Mot. to Dismiss 3–4.) Plaintiff, relying on the Rule 41(a)(1) notice of dismissal, contends that the Court cannot remove it or strike the notice of dismissal because the notice already removed Exxon Mobil from the lawsuit. (Br. in Opp. 4–5.)

A plaintiff has an "absolute right" to file a notice of voluntary dismissal without court order at any time before the adverse party files an answer or motion for summary judgment. *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (citing Fed. R. Civ. P. 41(a)(1)(A)(i)). This dismissal is without prejudice unless the notice says otherwise or plaintiff has previously dismissed "any federal- or state-court action based on or including the same claim." Fed.

R. Civ. P. 41(1)(B).

The parties do not dispute that the notice of dismissal was filed before Exxon Mobil filed an answer or motion for summary judgment. Thus, the dismissal would ordinarily be without prejudice, the case as to Exxon Mobil would be automatically terminated, and the Court would lose jurisdiction as to any issues regarding that defendant. *Id.* at 1076 (holding that once notice of voluntary dismissal is filed, the court loses all jurisdiction and may not entertain requests even to determine whether the second voluntary dismissal is with or without prejudice).

In this case, however, the Court has not lost jurisdiction to address Exxon Mobil's request to be dismissed with prejudice. The Court dismissed Exxon Mobil from the original complaint on August 24, 2017. Exxon Mobil had nothing to answer or file a motion against, and plaintiff had no complaint against Exxon Mobil to dismiss. Rule 41(a) therefore does not apply. Moreover, plaintiff filed the notice of dismissal five days after his time lapsed to file an amended complaint that complied with the Court's order. The amended complaint does not comply for two reasons. First, it does not include Exxon Mobil as a defendant even though leave to amend was granted specifically to re-plead allegations as to Exxon Mobil. Second, the amended complaint named new defendants rather than include Exxon Mobil. Leave to amend was not granted to bring additional defendants into this litigation. As Rule 15 sets forth, after the time for a party to amend the complaint "as a matter of course" has expired, the party may amend "only with the opposing party's written consent or the court's leave." *Schmidt v. PNC Bank, NA*, 591 F. App'x 642, 643 (9th Cir. 2015) (quoting Fed. R. Civ. P. 15(a)(1), (2)).

Because plaintiff's re-filed first amended complaint did not comply with the Court's order, the

6

dismissal of Exxon Mobil without prejudice automatically converted to a dismissal with prejudice on September 8, 2017. Thus, Exxon Mobil was dismissed with prejudice prior to the September 12, 2017 notice of voluntary dismissal. The notice of dismissal therefore has no effect on the Court's prior dismissal of Exxon Mobil with prejudice effective September 8, 2017, and defendants' motion to strike the notice of dismissal is granted.

### b. Motion to Strike First Amended Complaint

Defendants request that the Court strike the first amended complaint for failing to conform to the Court's prior order that it may be amended only to add allegations as to Exxon Mobil. Plaintiff maintains that he has attempted in good faith to comply with the Court's order by filing a first amended complaint that names John Doe Corporations I-V "before naming yet another subsidiary and understanding the extent of any such subsidiary's involvement," and by filing a notice of dismissal as to Exxon Mobil. (Br. in Opp. 3.)

The Court need not decide whether plaintiff's decision to remove Exxon Mobil from the first amended complaint and add five unnamed corporations was done in good faith or to circumvent its prior order. This is because at no time during the August 24, 2017 hearing was the addition of new parties discussed or contemplated. Plaintiff conceded at that hearing that the time to file an amended complaint without leave of Court had expired. (Minutes 2.) Thus, if plaintiff wanted to add new defendants rather than re-plead as to Exxon Mobil, he again needed to seek leave of Court for such an amendment.

Here, plaintiff argues in his opposition brief that he is attempting to avoid naming the wrong subsidiary by adding five John Doe Corporations. However, plaintiff has articulated no basis in the

7

opposition brief or in the first amended complaint for why it is plausible five separate entities—to replace a single corporate entity—are liable and should be named as defendants. Instead, as defendants emphasize, the addition of five unnamed entities with no specific allegations as to the roles played in the alleged discrimination simply makes the complaint more confusing. Accordingly, plaintiff's first amended complaint is stricken. *See Black v. Hunt & Henriques*, Case No. 10-cv-1476, 2011 WL 652483, at *2 (C.D. Cal. Feb. 7, 2011) (striking amended complaint because leave to file was not sought and no basis was given as to why plaintiff sought to add claims and defendants).

## V. CONCLUSION

For the reasons set forth above, defendants' motion to strike (ECF No. 27) the second first amended complaint and notice of voluntary dismissal is GRANTED.

The Clerk is ORDERED to strike the first amended complaint (ECF No. 25) and notice of voluntary dismissal (ECF No. 26).

Plaintiff's complaint against defendant Exxon Mobil is dismissed with prejudice for lack of personal jurisdiction.

The hearing on the motion set for October 19, 2017 is hereby VACATED.

IT IS SO ORDERED.

Dated this 16th of October, 2017.

RAMONA V. MANGLONA
Chief Judge

8